# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

GABRIEL RAMOS,

       Plaintiff,

vs.                                                                                    No. CIV 05-969 JB/RLP

TOWN OF SILVER CITY, NEW MEXICO and
Mayor Terry Fortenberry, City Manager Alex Brown,
Former Police Chief John Calender, and
Police Department Officers,
Captain Chris Ponce, Captain Richard Ybarra and
Sergeant Sam Rodriguez,

       Defendants.

## MEMORANDUM OPINION

**THIS MATTER** comes before the Court on the Motion for Stay of Discovery and for Protective Order and Memorandum in Law in Support, filed April 3, 2006 (Doc. 8). The primary issue is whether the Court should stay discovery until it decides whether the Defendants are entitled to qualified immunity. The Court entered an Order granting the motion on May 9, 2006 (Doc. 15). In footnote 1 of that Order, the Court promised to issue a memorandum opinion explaining the reason for its decision to grant the Defendants' motion.

## PROCEDURAL BACKGROUND

This case arises out of Sergeant Sam Rodriguez' escorting of Plaintiff Gabriel Ramos from the Grant County Administration Building on June 1, 2004. See Complaint ¶ 4, at 2. Ramos has filed a lawsuit in which he alleges that the Defendants violated his civil rights and, further, that he was subject to false arrest, false imprisonment, negligence, and negligent infliction of emotional distress. See id.

On March 10, 2006, the Defendants' attorney contacted Ramos' counsel by way of correspondence, requesting a stay of discovery until the Court rules on qualified immunity. See Letter from Lawrence R. White to R. Nathan Gonzales at 1 (dated March 10, 2006). The Defendants represent that Ramos declined the suggestion to stay discovery. See Motion for Stay at 2.

The individual Defendants move the Court to stay discovery until the Court resolves the issue of qualified immunity. See id. at 1. Additionally, all Defendants move for a protective order. See id. By facsimile transmission, Ramos received the Motion to Stay Discovery and for a Protective Order on April 3, 2006, the date discovery responses were due. See Response at 1, filed April 13, 2006 (Doc. 9).

The individual Defendants attach to their Motion the discovery that Ramos has served on them. The individual Defendants ask the Court to stay any request that they answer the attached discovery until such time as Ramos can demonstrate that all the individual Defendants in fact violated Ramos' constitutional rights. See Motion to Stay at 3-4. Ramos opposes the individual Defendants' request for a protective order regarding Ramos' written discovery to the individual Defendants. See Response at 2.

**LAW REGARDING QUALIFIED IMMUNITY**

Once a defendant asserts qualified immunity, the burden shifts, and "the plaintiff . . . [must] come forward with facts or allegations sufficient to show both that the defendant's alleged conduct violated the law and that that law was clearly established when the alleged violation occurred." Pueblo Neighborhood Health Ctr., Inc. v. Losavio, 847 F.2d 642, 645-46 (10th Cir. 1988)("The plaintiff carries the burden of convincing the court that the law was clearly established."). The Supreme Court of the United States "repeatedly has stressed the importance of resolving immunity

questions at the earliest possible stage in litigation." Hunter v. Bryant, 502 U.S. 224, 227 (1991)(per curiam). Accord Anderson v. Creighton, 483 U.S. 635, 646 n.6 (1987)(explaining that the Supreme Court "has emphasized that qualified immunity questions should be resolved at the earliest possible stage of a litigation"). Because qualified immunity protects against the burdens of discovery as well as trial, the Supreme Court has emphasized that the trial court should resolve the issue before discovery if at all possible. See Siegert v. Gilley, 500 U.S. 226, 231-33; Harlow v. Fitzgerald, 457 U.S. 800, 818-19 (1982)("Until this threshold immunity question is resolved, discovery should not be allowed."). Accord Jones v. City and County of Denver, 854 F.2d 1206, 1211 (10th Cir. 1988).

## ANALYSIS

The Defendants request a stay of discovery and a protective order until the Court rules whether the Defendants are entitled to qualified immunity. See Motion to Stay at 3-4. Ramos' sole ground for opposing a stay is that the Defendants have not yet filed a motion for summary judgment based on qualified immunity; Ramos contends that the Defendants should not be allowed to delay this litigation by seeking a stay pending the resolution of a yet-to-be-filed motion. See Response at 2. Since filing their motion, however, the Defendants have filed a motion for summary judgment based on qualified immunity. See generally Defendants' Motion for Summary Judgment, filed April 28, 2006 (Doc. 14).

The Court will grant the Defendants' motion to stay. Both the Supreme Court and the Tenth Circuit have counseled that issues of qualified immunity should be resolved at the earliest possible stage of litigation because qualified immunity protects against the burdens of discovery as well as trial. Siegert v. Gilley, 500 U.S. at 231-33; Anderson v. Creighton, 483 U.S. at 646 n.6; Harlow v. Fitzgerald, 457 U.S. at 818-19; Jones v. City and County of Denver, 854 F.2d at 1211. Requiring

the Defendants to undergo further discovery, at this point, would undercut the purpose of qualified immunity, which is to protect defendants not only from liability but also the burdens of the litigation process.

The Defendants also appear to be asking the Court to go ahead and decide the issue of qualified immunity when ruling on the motion to stay. See Reply at 1-2, filed April 25, 2006 (Doc. 11). The Defendants reason that Ramos has surrendered this point, because the Defendants outlined the merits of their arguments on qualified immunity and Ramos did not respond to those points. See id.

The Court does not believe that this motion is an appropriate vehicle for ruling on qualified immunity. The Defendants' request in their motion to stay was limited to a stay and a protective order. See Motion to Stay at 4. Given the procedural posture of the motion, the Court cannot say that Ramos has waived opposition to this issue. The Court will therefore limit its relief to a stay of discovery and a protective order.

Since the Court issued its Order, and since the Defendants filed their motion for summary judgment, Ramos has filed a First Amended Complaint. The Defendants have reported to the Court that they intend to withdraw their motion for summary judgment. If the Defendants withdraw their motion for summary judgment, they must file an amended motion for summary judgment within twenty days of withdrawing their original motion, or the stay of discovery will automatically be lifted.

**IT IS ORDERED** that the Motion for Stay of Discovery and for Protective Order and Memorandum in Law in Support is granted. If the Defendants withdraw their motion for summary judgment, they must file an amended motion for summary judgment within twenty days of withdrawing their original motion, or the stay of discovery will automatically be lifted.

                                                                                    /signed/
UNITED STATES DISTRICT JUDGE

*Counsel:*

R. Nathan Gonzales
Gonzales Law Firm
Silver City, New Mexico

– and –

Jane Gagne
Albuquerque, New Mexico

      *Attorney for the Plaintiff*

Lawrence R. White
Miller Stratvert, P.A.
Las Cruces, New Mexico

      *Attorneys for the Defendants*